FILED
2021 May-25 PM 01:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | |
| **vs.** | **)** | **2:06-CR-00047-SLB-JHE-1** |
| | **)** | |
| **RONALD WAYLAND COLE,** | **)** | |
| | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

# MEMORANDUM OPINION AND ORDER

This matter comes before the court on two *pro se* motions filed by Defendant Ronald Wayland Cole. In his first motion, Mr. Cole requests a corrected sentence and argues that he was improperly sentenced under the Armed Career Criminal Act ("ACCA") and 18 U.S.C. § 924(c). (Doc. 20).[1] In his second motion, Mr. Cole requests relief pursuant to the First Step Act of 2018, arguing that he should be eligible for a reduction in sentence due to reduced penalties for crack cocaine offenses. (Doc. 23). Upon review of Mr. Cole's submissions, the court finds that his first motion is due to be dismissed and his second motion is due to be denied.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

## I. Background

In 2006, Mr. Cole was charged by indictment with one count of possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) (Count One), one count of using a firearm during and in relation to a drug trafficking crime—namely, the crime charged in Count One—in violation of 18 U.S.C. § 924(c) (Count Two), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count Three). (Doc. 1). Mr. Cole pled guilty to all three charges in return for a sentencing recommendation at the low end of the applicable Sentencing Guidelines and a three-level reduction for acceptance of responsibility. (Doc. 8 at 1–2).

Mr. Cole's Presentence Investigation Report ("PSR"), to which he did not object, grouped Counts One and Three and stated that Mr. Cole's adjusted offense level, based on the cocaine offense charged in Count One, was 26. (Doc. 11 at 6–7). The PSR did not group Count Two in the original offense level computation because Count Two carried a mandatory minimum 60-month consecutive sentence. (*Id.* at 6).

However, the offense level of 26 was not the operative offense level for determining Mr. Cole's sentence. (*Id.* at 6–7). Based on four prior convictions, including one conviction for attempted rape under Alabama law and two convictions for assault, the PSR stated that Mr. Cole qualified as a career offender

under U.S.S.G. § 4B1.1 and an armed career criminal under the ACCA. (*Id.* at 7). The court applied the instructions set forth at U.S.S.G. § 4B1.1(c), which govern career-offender enhancements where the defendant has been convicted under Section 924(c), and determined that the applicable offense level for Mr. Cole because of his career offender enhancement and his Section 924(c) conviction was 37. (*Id.*). The application of a 3-level reduction for acceptance of responsibility led to an adjusted offense level of 34. (*Id.* at 7–8). Mr. Cole's career offender status also raised his criminal history category to VI. (*Id.* at 12). The combination of Mr. Cole's offense level and criminal history category resulted in a Sentencing Guideline range of 262–327 months of imprisonment, which included a mandatory 60-month consecutive sentence for Count Two. (*Id.* at 16). The PSR noted that Mr. Cole faced a statutory mandatory minimum of 5 years of imprisonment as to Count One and, because he qualified as an armed career criminal under the ACCA, 15 years of imprisonment as to Count Three. (*Id.*).

The court sentenced Mr. Cole at the low end of the applicable Sentencing Guidelines and imposed a total sentence of 262 months of imprisonment, comprised of 202 months of imprisonment to be served concurrently for Counts One and Three and 60 months of imprisonment to be served consecutively for Count Two. (Doc. 13 at 2).[2] Mr. Cole did not file a direct appeal.

[2] The record does not contain a transcript of Mr. Cole's sentencing.

In September of 2016, Mr. Cole filed a 28 U.S.C. § 2255 motion to vacate his sentence. (Doc. 16); (CM/ECF for the District Court for the Northern District of Alabama, case no. 2:16-cv-8148, doc. 1). In his Section 2255 motion to vacate, Mr. Cole ultimately raised three claims for relief: (1) double jeopardy; (2) lack of a crime of violence to support his conviction under Section 924(c); and (3) his conviction under Alabama law for attempted rape did not qualify as a crime of violence under the ACCA. (CM/ECF for the District Court for the Northern District of Alabama, case no. 2:16-cv-8148, docs. 1, 9, 10). The government filed a response conceding that Mr. Cole should be resentenced because his Alabama attempted rape conviction no longer qualified as a violent felony under the ACCA and, without the application of the ACCA, Mr. Cole's 202-month sentence for Count Three exceeded the 10-year statutory maximum sentence set forth in 18 U.S.C. § 924(a)(2). (*Id.*, doc. 6).

This court denied Mr. Cole's motion to vacate his sentence. (Doc. 19). The court found that there was no basis for Mr. Cole's claims for relief involving double jeopardy and Section 924(c). (Doc. 19-1). The court also found that Mr. Cole's motion was due to be denied because his Alabama attempted rape conviction qualified as a crime of violence under the ACCA. However, the court granted a certificate of appealability on the issue of whether Mr. Cole's Alabama attempted rape conviction qualified as a crime of violence for his ACCA

enhancement. (*Id.*).

On appeal, the Eleventh Circuit reversed and remanded this court's denial of Mr. Cole's motion to vacate his sentence. (Doc. 27-1). The Eleventh Circuit held that Mr. Cole's prior conviction for attempted rape under Alabama law did not qualify as a crime of violence under the ACCA, and, thus, Mr. Cole's sentence exceeded the relevant statutory maximum. (*Id.*); (Doc. 27 (mandate issued March 8, 2021)).

Before the Eleventh Circuit issued its opinion reversing and remanding this court's denial of Mr. Cole's motion to vacate his sentence, Mr. Cole filed the two *pro se* motions at issue here.

**II. Motion to Correct Sentence**

In his first *pro se* motion, Mr. Cole requests a "correct [sic] of sentence" because his attempted rape conviction does not qualify as a crime of violence under the ACCA and because he should not have been convicted under Section 924(c), as he did not commit a crime of violence. (Doc. 20). Because the motion predated Mr. Cole's notice of appeal in his Section 2255 action, this court entered an order directing Mr. Cole to inform the court in writing whether he wished the motion to serve as a notice of appeal of the denial of his motion to vacate. (Doc. 25). Mr. Cole did not respond to the order. However, he did file a separate notice of appeal on the civil docket for his Section 2255 proceedings. (CM/ECF for the

District Court for the Northern District of Alabama, case no. 2:16-cv-8148, doc. 13).

Because Mr. Cole did not inform the court that his filing was a notice of appeal and because he filed a separate notice of appeal, the court assumes that his motion to correct sentence was not meant to serve as a notice of appeal. Accordingly, the court will address the contents of the motion.

In his motion to correct sentence, Mr. Cole challenges the validity of his sentence for two of the same reasons that he raised in his initial Section 2255 motion to vacate his sentence, which this court adjudicated on the merits. *See* (Doc. 20); (CM/ECF for the District Court for the Northern District of Alabama, case no. 2:16-cv-8148, docs. 1, 9, 10). Therefore, the court construes Mr. Cole's self-styled motion to correct sentence as a second or successive Section 2255 motion to vacate his sentence. *See Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003) ("Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255."); *see also McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*) ("Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause' at the end of that subsection[.]").

To file a second or successive Section 2255 motion to vacate sentence, a

movant "must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)(A)). If the movant does not obtain authorization from the appropriate court of appeals—here, the Eleventh Circuit—before filing his motion, the district court lacks jurisdiction to consider the movant's second or successive Section 2255 motion. *Id.*

Accordingly, Mr. Cole must receive permission from the Eleventh Circuit to file a second or successive Section 2255 motion before this court has jurisdiction to consider such a motion. *See id.* Nothing in the record indicates that Mr. Cole has sought or received such permission. Therefore, this court lacks jurisdiction to consider Mr. Cole's second or successive motion to vacate and it is due to be dismissed. *See id.* Additionally, the court notes that the Eleventh Circuit has now addressed Mr. Cole's ACCA argument in the appeal of his initial Section 2255 motion and has reversed and remanded the case for resentencing. *See* (Doc. 27-1).[3]

## III. Motion for Relief Pursuant to the First Step Act of 2018

In his second *pro se* motion, Mr. Cole states that he has been incarcerated

[3] Pursuant to the Eleventh Circuit opinion remanding the case for resentencing, the court is entering an Amended Judgment correcting the sentence originally imposed in Count Three. *See* (Doc. 27-1). Mr. Cole has confirmed through counsel that he does not seek a resentencing hearing and does not seek to advance argument on his sentence for Counts One and Two.

since 2005; he asserts that the First Step Act provides that, as an inmate incarcerated before 2010 for crack cocaine convictions under 21 U.S.C. § 841, he should be eligible for a sentence reduction. (Doc. 23). He asks that his motion be forwarded to the Office of the Public Defender or that he be provided with information about whether he is eligible for a reduced sentence. (*Id.*). Although Mr. Cole does not specifically reference a statute in his motion for a reduction in sentence, the court construes his motion as seeking relief pursuant to 18 U.S.C. § 3582(c).

"A district court lacks the inherent authority to modify a term of imprisonment." *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020) (citing 18 U.S.C. § 3582(c)). But, under 18 U.S.C. § 3582(c)(1)(B), a district court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

On August 3, 2010, the Fair Sentencing Act, which amended the penalties for crack-cocaine offenses, went into effect. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Act increased the quantity of crack cocaine necessary to trigger higher penalties under 21 U.S.C. § 841, such that a defendant had to traffic at least 280 grams of crack cocaine to trigger the highest applicable mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii), and at least 28 grams of crack cocaine to trigger the intermediate penalties under 21

U.S.C § 841(b)(1)(B)(iii). Fair Sentencing Act § 2(a). The Fair Sentencing Act also eliminated the mandatory minimum sentence that had applied to simple possession of crack cocaine. Fair Sentencing Act § 3; *see also* 21 U.S.C. § 844(a) (2006). However, "the amended penalties applied only to defendants who were sentenced on or after the effective date of the Fair Sentencing Act." *Jones*, 962 F.3d at 1297.

On December 21, 2018, the President signed into law the First Step Act of 2018. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act. First Step Act § 404. Thus, the First Step Act "permits district courts to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective." *Jones*, 962 F.3d at 1293. However, the First Step Act also makes clear that whether to reduce a sentence is left to the discretion of the district court. *Id.* at 1298. So, "the First Step Act allows—but does not require—courts to reduce an eligible prisoner's sentence as if the drug-quantity changes in the Fair Sentencing Act were in effect at the time the prisoner committed his offense." *United States v. Taylor*, 982 F.3d 1295, 1298 (11th Cir. 2020). "District courts have wide latitude to determine whether and how to

exercise their discretion in this context" and can consider all relevant factors, including the sentencing factors in 18 U.S.C. § 3553(a). *Jones*, 962 F.3d at 1304.

After reviewing the record, the court concludes that Mr. Cole is eligible for relief pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B). Mr. Cole pled guilty to possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B), which, at the time, carried a mandatory minimum sentence of five years in prison. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2006); (Doc. 11 at 16). The Fair Sentencing Act changed the crack cocaine quantity necessary to trigger a 5-year mandatory minimum sentence from 5 grams to 28 grams of cocaine base. Fair Sentencing Act § 2(a). The First Step Act made the change retroactive. First Step Act § 404. Thus, the court could potentially reduce Mr. Cole's sentence under the First Step Act by retroactively applying the new penalties set forth by the Fair Sentencing Act after Mr. Cole's conviction. *See Jones*, 962 F.3d at 1293.

Considering the specific details of this case and the application of the factors set forth in Section 3553(a), however, the court finds that Mr. Cole is not entitled to a sentence reduction pursuant to the First Step Act. *See id.* at 1298, 1304. Section 3553(a) requires courts to impose sentences that are "sufficient, but not greater than necessary" for a person's crimes, taking into consideration multiple factors. 18 U.S.C. § 3553(a). Those factors include, among other things, the

nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. *Id.*

This is not a case in which Mr. Cole is serving a long sentence because of a sentencing disparity between crack and powder cocaine—a disparity that the Fair Sentencing Act and First Step Act are intended to remedy. *See Jones*, 962 F.3d at 1296–97. Mr. Cole's sentence arises from both drug and firearm offenses, a combination that the Eleventh Circuit has "repeatedly noted" is "dangerous, and often violent." *Whittier v. Kobayashi*, 581 F.3d 1304, 1309 (11th Cir. 2009). Further, Mr. Cole was sentenced under the career offender Sentencing Guidelines because of prior crimes of violence, including two assault convictions. (Doc. 11 at 7). In fact, Mr. Cole's Sentencing Guideline determination was based not on the offense level or mandatory minimum for his conviction for possession with intent to distribute cocaine base—the conviction potentially impacted by the Fair Sentencing Act and the First Step Act—but, rather, on his firearm conviction under Section 924(c) in combination with his status as a career offender. (*Id.*); U.S.S.G. § 4B1.1(c). Because the First Step Act's retroactive application of the Fair Sentencing Act does not reduce Mr. Cole's advisory Sentencing Guideline range

and Mr. Cole was sentenced at the low end of that range, the court finds that his current sentence effectively promotes the purposes of Section 3553(a) by considering his offenses, his history, and the goals of sentencing. *See* (Doc. 11 at 7–8, 12, 16); (Doc. 13 at 2); 18 U.S.C. § 3553(a). Therefore, the court finds that Mr. Cole is not entitled to a sentence reduction pursuant to the First Step Act.

## IV. Conclusion

Because it is an unauthorized second or successive motion to vacate sentence under Section 2255, Mr. Cole's motion seeking to correct his sentence, (doc. 20), is **DISMISSED** for lack of jurisdiction. Mr. Cole's motion for relief pursuant to the First Step Act, (doc. 23), is **DENIED**.

**DONE** and **ORDERED** this 25th day of May, 2021.

Sharon Lovelace Blackburn

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE